Giefen, J.
The Brewing Company entered into a contract with Henry Gerke, in which it was agreed that said Brewing Company should furnish to said Gerke beer in car load lots in wood and beer in bottles to be sold by said Gerke at Marietta, Ohio. Said contract was to begin February 24,1896, and to continue for one year. Either party had the right to terminate the contract on thirty days’ notice, and any material violation of the agreement by either party must render the agreement null and void. It was provided in the contract that said company will furnish said Gerke the first two car loads of beer on credit, for which said Gerke shall execute a bond of one thousand dollars ($1,000), and when he orders the third car of beer, he shall pay for the first car of beer he received: all settlements thereafter are to be made on the first day of each month commencing May 1st, 1896, at which time said Gerke is to make payment to said company for the beer that may be ordered by or delivered to him.
*175 On said 24th day of February, 1896, said Gerke,together with his wife, Maria Gerke, and B. Meyer, defendants herein, executed and delivered to the Brewing Company their bond for $1,000. The condition of this bond was to this effect: “That whereas the above bound Henry Gerke has this day entered into and made a contract in writing with the said Geo. Wiedemann Brewing Company for the purchase of beer in wood and bottles by the car load lots from the said Geo. Wiedemann Brewing Company for a period of one year or until said parties agree to discontinue as set forth in said agreement. Said agreement is in writing and bears even date herewith,and which is here referred to and made a part hereof. Now, therefore, if the said Henry Gerke shall well and truly perform said contract and shall fully comply with and carry out each and every provision thereof and shall pay for all of said beers purchased * * * then, this bond shall be null and void” * * *.
Suit was brought by the Brewing Company against said Henry Gerke, Maria Gerke and B. Meyer. For a first cause of action the plaintiff sets out a claim against Henry Gerke on the contract referred to, and for a second cause of action a claim against the other defendants on the bond referred to. Copies of the contract and bond are annexed to the petition. Henry Gerke filed no answer, and judgment by default was rendered against him on April 2, 1897, for the sum of $1,598 49-100, the amount claimed to be due. Maria Gerke and B. Meyer filed an answer, in which they admitted the execution of the contract and bond as set out in the petition, but alleged that they were released from the obligations of the bond by reason of the fact that the said Henry Gerke was not required to pay for the first car load of beer for which he was given credit, nor did he pay for the first car load of beer when he ordered the third car. That no settlements were made on the first of any month as required by the contract and bond, That said company gave said Henry Gerke credit for more than two cars of beer at one time, and that a settlement was not made on May 1st and each and every month thereafter during the continuance of said contract, and that he did not pay on the first of any month for the beer delivered to him. Their answer also contained a general denial as to all matters not admitted.
*176 The plaintiff filed a demurrer to all that portion of defendants’ answer except that which set up a denial, and this demurrer the court sustained. This demurrer was sustained February 20, 1897. On December 29, 1898, the case waB heard on the pleadings and the evidence by the court,and judgment rendered against said Maria Gerke and B, Meyer for $838.00.
Error is prosecuted in this court to this judgment.
The evidence shows that the company shipped to Henry Gerke on February 24, 1896, beer in wood to value of $187.50, and beer in glass $115, on March 13, $125 in wood and $166.50 in bottles or glass. April 8 and 25, $131 25-100 each in wood and $165.50 and $169.90 in glass. Credit was given Gerke for cash of $400.00 and $31.25 allowance up to April 29, 96. The balance due the company on May 1st was $867.65, This amount was not paid to the Brewing Company on May 1st as provided in the contract, neither was any settlement made between the parties. The Brewing Company continued to furnish said Henry Gerke beer in wood and in bottles until the 28th day of August of said year, at which time the amount due the company from said Gerke was $1,561.95. No settlements were made at any time between the parties, but beer was shipped to said Gerke by said company during all this time, and payments in cash were made during each month by said Gerke on account, but at the end of each month the amount due was greater than at the previous month. By reason of these admitted facts, were the sureties on the bond released? I am of the opinion that they were. The general rule of the liability of sureties on bonds is thus stated by Bead, J., in the case of the State v. Medary, 17 Ohio, 565. “The bond speaks for itself, and the law is that it shall so speak,and that the liability of tbe sureties is limited to the exact letter of the bond. Sureties stand upon the words of the bond, and if the words will not make them liable, nothing can. There is no construction', no equity against sureties. If a bond can not have effect according to its exact words, the law does not authorize the court to give it effect in some other way in order that it may prevail,” This rule has frequently been followed by our supreme court.
Milton Sater, for Plaintiffs in Error.
Louis J. Dolle, for Defendant in Error.
In not requiring Grerke to pay for the first car of. beer when the third was ordered and' in not requiring settlement on May 1st and the first of each succeeding months, and in extending time of payments as was done by allowing the account to accumulate each month, was a material violation of the terms of the contract and bond and necessarily worked an injury to the sureties on the bond.
Judgment reversed and cause remanded for further proceedings.